BLANCHE H. DAVIS,

*vs.*

ABRAM E. FRANTZ and THEODORE W. FRANCIS, Sheriff.

*New Castle, July* 31, 1918.

Inasmuch as the Court of Chancery has no jurisdiction to decide the disputed question whether an appeal will lie from Court of Common Pleas to Superior Court from a judgment for a landlord for possession against holding over tenant, it will not, in the absence of any showing of special damages from ousting of tenant, stay execution of judgment till appeal taken with bond can be heard by Superior Court.

INJUNCTION BILL. As required by Rule 101 of the Court of Chancery, after filing the bill of complaint in this cause, the complainant served notice upon the defendants of her intention to apply to the Chancellor for an order restraining the defendants from further proceeding under a judgment in the Court of Common Pleas for New Castle County to obtain possession of premises by Abram E. Frantz, one of the defendants, occupied by the complainant as tenant under a lease. Solicitors representing the respective parties appeared before the Chancellor at the time designated in the notice, and opposition to the issuance of a restraining order was made by the solicitors for the defendants. The facts are sufficiently stated in the opinion.

*Robert Adair,* for the complainant.
*Reuben Satterthwaite, Jr.,* for the defendent, Frantz.
*Edmund S. Hellings,* for the defendant Sheriff.

THE CHANCELLOR. The complainant, a tenant, was the defendant in an action by the landlord in the Court of Common Pleas as holding-over tenant, and judgment was there rendered July 17, 1918, against her for a sum as damages, and an order staying execution of a writ of possess'on until July 25, 1918, was entered upon condition that the money damages be paid to the landlord on or before July 17, 1918. On July 17 the money and costs were deposited under protest with the clerk of the court and thereafter by order of the Court of Common Pleas paid to the landlord's attorney. An appeal was prayed for on July 17 to the Superior Court and signed on the record a statement thereof, and

the statement was also signed by the surety in the appeal. This form of entering an appeal and giving surety therein is that used in appeals from a Justice of the Peace to the Superior Court in cases where such appeals are expressly allowed.

On July 22 the tenant filed a bill in the Court of Chancery alleging the above facts, and that the landlord had threatened to have issued after July 25 a writ of the Court of Common Pleas to put him in possession of the premises notwithstanding the appeal and the giving of the security, though both he and the Sheriff had notice of the appeal and giving of security. It was alleged that if the writ were issued and served the complainant would be deprived of possession, and that the Superior Court would not be in session until September 16. There was also a claim made that the payment of the damages under protest constituted the complainant as tenant. But there is clearly no merit in this last contention.

The prayers of the bill, among others, were that the landlord be perpetually restrained from taking possession and for a preliminary injunction and restraining order against the taking of possession until the appeal could be heard by the Superior Court.

Upon presenting the bill to the Chancellor on July 31, solicitors for the landlord and the other defendant, the sheriff, being present on notice, the motion for a restraining order was heard.

There was no objection made in the bill, or otheriwse, to the judgment in the Court of Common Pleas, or to its regularity and validity. The complainant claims that she had a right to take an appeal, and had done so and given security which should operate as a supersedeas, and that as she would be deprived of possession of real estate by an execution of the writ of possession, the Chancellor should enjoin the execution thereof until the Superior Court could decide whether there was an appeal and the effect thereof if properly taken.

The act creating the Court of Common Pleas gave to it concurrent jurisdiction in actions against holding-over tenants, presumably concurrent with justices of the peace. It also provided, as follows:

"3763 H. Sec. 8. From any order, ruling, decision or judgment of said court, the aggrieved party shall have their rights of appeal or certiorari, to the

Superior Court of New Castle County, in the same manner as is now provided by law as to causes tried before justices of the peace." Chapter 250, Vol. 29, Laws of Delaware.

It is argued that this gave a right to have the appeal in this case, and that the manner of taking the appeal was that provided in actions before justices of the peace in cases of debt. On the other hand it is argued that the statute gave an appeal only in those classes of cases where appeals were by statute given from judgments of justices of the peace; and that as there was no appeal from judgments of justices of the peace in cases of landlord against holding-over tenant, there was no appeal to such a judgment in the Court of Common Pleas.

This question is one that the Chancellor should not decide, and its decision should be left to the Superior Court, or Court of Common Pleas. It is not entirely clear that the complainant was not entitled to an appeal, so that the Chancellor must look further into his powers and duties in the matter.

If the conveniences to result to the parties as the result of action by the Chancellor be weighed and balanced, it would seem clear that the landlord should not be restrained from taking possession of his property. No special matter is alleged by the bill to show special damage to the complainant if ousted from the premises, and the absence of such allegations indicates that there was no such special damages. Whereas the landlord may be so damaged for several reasons which could be imagined as reasonably likely to exist. The tenant would probably have an action against both the landlord and the sheriff for damages if turned out of the premises in case her right to stay pending the appeal was interfered with.

Again, this court has no right to do more than grant suspensory relief until some other tribunal decides the question as to the right of appeal. Ordinarily a court of equity does not take jurisdiction merely to grant suspensory relief, or at all unless having taken jurisdiction for any purpose or reason it can hold jurisdiction for all purposes, which it could not do here.

Again, there is no attack on the judgment rendered in the Court of Common Pleas, and the Court of Chancery could not do anything respecting that judgment, or the issues raised and de-

cided there. On the other hand, a bond with surety given by the complainant would afford the landlord protection so far as security for payment of his rent is concerned, and he may prefer that to risking to proceed to enforce his right of possession. But this Court cannot decide for the landlord as to his preference in this matter.

The case of *Staats v. Herbert*, 4 *Del. Ch.* 508, 516, does not apply, for in that case where the Chancellor acted to restrain an execution on a judgment when the Superior Court was not in session, the Court of Chancery and the Superior Court had concurrent jurisdiction, i. e., either one could have had jurisdiction to decide the main question, and so whichever first took jurisdiction could continue to hold it. Whereas here the Court of Chancery clearly has no power to decide whether the appeal would lie, and at most could suspend action on the writ of possession until some other court decides whether the writ had been stayed by a properly taken appeal.

For the reasons here indicated, the duty of the Chancellor to grant even the suspensory relief is so doubtful, that it should now refuse to grant the restraining order, but leave the defendants free to pursue their legal remedies if there be any.

The restraining order is therefore denied.